# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROBERT CHISM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-121-CV-W-FJG |
| ) | |
| M.S. BARRETT, et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

Currently pending before the Court is plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. # 1) and plaintiff's Motion for Appointment of Counsel (Doc. # 3). On March 12, 2007, the Court provisionally denied plaintiffs' Motions because it was unclear exactly what claims plaintiff was asserting against which defendants and where the events had taken place. In order to determine if plaintiff had a federal claim against the defendants and if venue was proper, the Court ordered plaintiff to file Complaint which set out in greater detail his claims. Plaintiff has now provided his response to the Court and the Court will now consider his motions.

**I. Motion to Proceed In Forma Pauperis**

Pursuant to 28 U.S.C. § 1915(a)(1), this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that he is unable to pay the costs of the lawsuit.

Plaintiff states that he is single and 41 years old. Plaintiff indicates that he has no dependents. Plaintiff lists no current employment or former employment. Plaintiff states that he does own property valued at $12,000.00. He also owns two vehicles valued at $

3500.00.  Plaintiff lists no other income or expenses.

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that they are unable to pay the costs of the lawsuit.  In Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982), the court noted:

> There is a two step process to be followed by the district court in considering whether a pro se plaintiff should be permitted to proceed in forma pauperis.  First, a determination of whether the plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed.  Second, a determination of whether the cause of action stated in the complaint is, under §1915([e]), frivolous or malicious and, if so, to dismiss the complaint.

The district court must exercise its discretion in determining whether an applicant is sufficiently impoverished to qualify under § 1915.  Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983), cert. denied, 466 U.S. 980 (1984).  Such a showing of poverty is sufficient if the applicant would become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the lawsuit.  Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948); Local Rule 83.7(a) (1999).

Based upon the information provided in plaintiff's affidavit and supplemental filing, the Court believes that plaintiff is sufficiently impoverished to be permitted to proceed in forma pauperis.  Additionally, the Court finds that plaintiff has alleged sufficient facts in order to state a claim and his Complaint is not frivolous or malicious.  Accordingly, plaintiff's application for leave to file this civil action in forma pauperis (Doc. # 1) is hereby **GRANTED** and plaintiff may pursue this action without prepayment of fees, costs or security.  It if further **ORDERED** that because this case is included in the

Case Management/Electronic Case Filing system, and plaintiff is proceeding pro se, the Clerk's Office is directed to electronically file plaintiff's Complaint as of the date of this Order. The Clerk shall file plaintiff's more detailed Complaint (Doc. # 7) which he submitted in response to the Court's Order.

## II. Motion for Appointment of Counsel

> A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case. See Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir.1985). When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir.1986).

Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998).

In the instant case, after reviewing plaintiff's Complaint, the Court does not find that the facts presented are overly complex. Additionally, plaintiff has not demonstrated that he is unable to either investigate the facts or to present his case without the aid of counsel. At this early stage in the litigation, the Court in unable to determine whether this case will present conflicting testimony. For these reasons, plaintiff's Motion for Appointment of Counsel is hereby **DENIED** without prejudice (Doc. # 2). If the circumstances change or if there is additional information which plaintiff would like the Court to consider, plaintiff may resubmit his request for appointment of counsel at a later time.

## III. Change of Venue

As noted in the previous order, the Court was also concerned that venue may be lacking in this case as Randolph County, Missouri is not located in the Western District

3

of Missouri, but rather is in the Eastern District of Missouri. A review of plaintiff's more detailed Complaint confirms that the events of which he is complaining and the defendants are all located in Randolph County. Accordingly, the Court finds that because venue is not proper in this District, but would be proper in the Eastern District of Missouri, that this case should be transferred to that District.

The Clerk of the Court is hereby directed to transfer this case to the Eastern District of Missouri.


Date: 5/23/07
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

4